**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

KENNETH S. FERGUSON,

      Plaintiff,

      v.

STATE OF INDIANA, INDIANA
ATTORNEY GENERAL, and GRANT
COUNTY SUPERIOR COURT 2,

      Defendants.

CAUSE NO.: 2:26-CV-277-TLS-JEM

**OPINION AND ORDER**

On June 16, 2026, the pro se Plaintiff Kenneth S. Ferguson filed a Complaint [ECF No. 1] in the instant action, alleging among other things a right to expungement of his criminal record originating in Indiana State court cases. This matter is before the Court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Forma Pauperis, dismisses without prejudice the Plaintiff's complaint for failure to state a claim, and grants the Plaintiff leave to file an amended complaint, if appropriate.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of

costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In this case, the relief the Plaintiff requests is to "order the lower courts, judges, and attorney general of the State of Indiana to expunge and seal my State of Indiana records for a new start through a Writ of Mandamus." ECF No. 1, p. 3. However, federal district courts lack jurisdiction to grant mandamus relief against state officials such as these. *See* 28 U.S.C. § 1361; 28 U.S.C. § 1651; *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) ("But [federal courts] cannot, as a general rule . . ., use our power to issue mandamus to a state judicial officer to

control or interfere with state court litigation, thus exceeding our jurisdiction." (citations omitted)); *Tabb v. Jeffreys*, No. 20-CV-511, 2020 WL 3414616, at *1 (S.D. Ill. June 22, 2020) ("Regardless, federal courts have no authority under [28 U.S.C. § 1361 or 28 U.S.C. § 1651] to grant mandamus relief against state officials." (citation omitted)). Thus, the Plaintiff has failed to state a claim that he is entitled to relief.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until August 14, 2026, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee. If the Plaintiff does not file an amended complaint by the deadline, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until August 14, 2026, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if he does not respond by the deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on July 15, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3